**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

```
_____
                                    )
KENRICK HAMILTON                    )
                                    )
              Plaintiff,            )
                                    )
         v.                         )  Civil Action No. 16-222 (EGS)
                                    )
TRANSPORTATION SECURITY             )
ADMINISTRATION,                     )
                                    )
              Defendant.            )
_____)
```

<u>**MEMORANDUM OPINION**</u>

Pending before the Court is defendant Transportation Security Administration's ("TSA") motion to dismiss or transfer venue. Upon consideration of the motion, the response thereto, the applicable law, and the entire record, defendant's motion to dismiss is **DENIED** and defendant's motion to transfer is **GRANTED**.

**I.  Background**

Plaintiff Kenrick Hamilton was employed by TSA as a Federal Air Marshal. *See* Compl., ECF No. 1 at 1. In July 2015 his top secret security clearance was revoked based on alleged financial improprieties. *See id.* at 3. Because a security clearance is required for employment as a Federal Air Marshal, Mr. Hamilton was issued a notice proposing to indefinitely suspend him without pay, *id.*, ECF No. 1-2 at 45-48, Notice of Proposed Indefinite Suspension, and he was subsequently placed on

1

indefinite suspension without pay on September 3, 2015. *Id.*, ECF
No. 1-3 at 92-98, Notice of Decision of Indefinite Suspension.

Mr. Hamilton, proceeding *pro se*, filed a complaint in this
Court on February 9, 2016. The allegations in that complaint are
somewhat difficult to discern. The clearest claim is that he was
a victim of workplace retaliation, as he alleges that false
referrals to agency security personnel "came from [the]
Washington Field Office . . . due to a pending complaint with
EEOC against the office." *Id.* at 3. Those false referrals
allegedly provoked the investigation that culminated in his
security clearance being revoked. *See id.* at 3-4. On three
separate occasions, Mr. Hamilton also alleges that he worked in
a "hostile work environment," *id.* at 2, 6, and he refers to
discrimination and retaliation claims he has made previously in
administrative forums. *Id.* at 2. Thus Mr. Hamilton seems to be
advancing claims of workplace discrimination or retaliation
under Title VII of the Civil Rights Act of 1964. *See* 42 U.S.C.
§§ 2000e *et seq.* Defendant has moved to dismiss or, in the
alternative, to transfer this case to the Eastern District of
Virginia. *See* Def.'s Resp. in Opp. to Pl.'s Mot. for TRO and/or
PI and Mot. to Dismiss and/or Transfer Venue ("Def.'s Mot."),
ECF No. 11.

## II.   Standard of Review

Defendant seeks to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(3) on the ground that venue does not lie in the District of Columbia. When considering a 12(b)(3) motion, the court must accept a plaintiff's well-pled factual allegations regarding venue as true, but need not accept as true a plaintiff's legal conclusions regarding venue. *See Ellis v. Gruenberg*, No. 15-0025, 2015 WL 9272835, at *1 (D.D.C. Dec. 18, 2015) (citing *Darby v. Dep't of Energy*, 231 F. Supp. 2d 274, 276 (D.D.C. 2002)). To prevail on a motion to dismiss for improper venue, a defendant must present facts to defeat a plaintiff's venue assertions. *Parker v. Sebelius*, 51 F. Supp. 3d 173, 175 (D.D.C. 2014) (citing *Darby*, 231 F. Supp. 2d at 276). "'If the district in which the action is brought does not meet the requirements of Title VII's venue provision, then that district may either dismiss, or if it be in the interests of justice, transfer such case to any district or division in which it could have been brought.'" *Id.* (quoting *Pendleton v. Mukasey*, 552 F. Supp. 2d 14, 17 (D.D.C. 2008)). "'Generally, the 'interest of justice' directive allows courts to transfer cases to the appropriate judicial district rather than dismiss them." *Id.* (quoting *Ifill v. Potter*, No. 05-2320, 2006 WL 3349549, at *1 (D.D.C. Nov. 17, 2006)).

3

**III. Analysis**

"Suits brought under Title VII are subject to a special provision governing venue." *Donnell v. Nat'l Guard Bureau*, 568 F. Supp. 93, 94 (D.D.C. 1983). That provision, which "controls any other venue provision governing actions in federal court," *id.*, provides that venue is proper

> [1] in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, [2] in the judicial district in which the employment records relevant to such practice are maintained and administered, or [3] in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought [4] within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e-5(f)(3). Defendant asserts that the District of Columbia is an improper venue for this action under any of Title VII's four venue categories. Def.'s Mem. Supp., ECF No. 11-1 at 12-14. Accordingly, defendant argues that this case should be dismissed or, in the alternative, transferred to the Eastern District of Virginia. *Id.* at 14.

Defendant is correct that the District of Columbia is an improper venue for this action under Title VII's special venue provision. Under the first Title VII basis for venue, "a court 'must look to the place where the decisions and actions concerning the employment practices occurred,'" *Walden v. Locke*,

4

629 F. Supp. 2d 11, 14 (D.D.C. 2009) (quoting *Ifill*, 2006 WL 3349549 at *2), and venue will be deemed to lie "where a 'substantial part' of the decisions or actions related to the practice occurred." *Kendrick v. Potter*, No. 06-122, 2007 WL 2071670, at *2 (D.D.C. July 16, 2007). Here, Mr. Hamilton does not allege that the purportedly retaliatory and hostile decisions and actions concerning his security clearance and employment status occurred in the District of Columbia, let alone that a "substantial part" of those decisions or actions occurred in the District. The voluminous documentary support that Mr. Hamilton has appended to his complaint supports the conclusion that the decisions and actions pertaining to the employment practices at issue here occurred in the Eastern District of Virginia. *See* Compl., ECF No. 1-1 at 98 (listing Chantilly, Virginia as the location of the Federal Air Marshal Service); *id.*, ECF No. 1-2 at 6 (listing Vienna, Virginia as the location of TSA HRAccess Shared Service Center); *id.*, ECF No. 1-2 at 38 (listing Arlington, Virginia as TSA Headquarters). Further, Mr. Hamilton's duty station is the Washington Field Office in Chantilly, Virginia. Declaration of Rana Lynn Khan ("Khan Decl."), ECF No. 11-2 ¶ 6. That Virginia-based office is where Mr. Hamilton alleges that he worked in a hostile environment and where the allegedly false referrals originated

in retaliation for his protected employment activity. *See* Compl. at 2-3.

That said, certain administrative investigations pertaining to Mr. Hamilton's allegations of workplace wrongdoing did involve activity in the District. *See, e.g.*, *id.*, ECF No. 1-2 at 31-33, Remand for Supplemental Investigation in the EEO Complaint of Kenrick Hamilton TSA-00109-2015 (listing Washington, D.C. as the location of the Office for Civil Rights and Civil Liberties of the Department of Homeland Security). But the allegedly retaliatory investigatory process concerning Mr. Hamilton's security clearance and employment status occurred in Virginia. *See id.*, ECF No. 1-2 at 49, Notice of Determination to Revoke Access to Classified Information (Arlington, Virginia); *id.*, ECF No. 1-3 at 6-7, 15-17, 52-56, Notice of Review of Determination (Arlington, Virginia). Thus a "substantial part" of the decisions and actions pertaining to the employment practices at issue in this case occurred in the Eastern District of Virginia, not in the District of Columbia. *See Darby*, 231 F. Supp. 2d at 277 ("[V]enue cannot lie in the District of Columbia when a substantial part, if not all, of the employment practices challenged in this action took place outside the District even when actions taken in the District may have had an impact on the plaintiff's situation.") (quotation marks omitted).

Venue lies under the second Title VII basis for venue "where the complete master set of [a plaintiff's] relevant employment records are maintained and administered, not merely where any records happen to be located." *Kendrick*, 2007 WL 2071670 at *3. "Declarations of human resource officers and employers are sufficient to establish where the employment records are maintained and administered." *Id.* Here, the Business Management Office Director for the Transportation Security Administration's Office of Law Enforcement/Federal Air Marshal Service has declared that Mr. Hamilton's official personnel folder is maintained at TSA's Office of Human Capital in Arlington, Virginia and that his local personnel files are maintained at the Washington Field Office in Chantilly, Virginia. Khan Decl. ¶ 7. Accordingly, venue does not lie in the District of Columbia under Title VII's second basis for venue.

Further, venue does not lie in the District of Columbia under Title VII's third basis for venue because Mr. Hamilton "makes no allegations that [he] would have worked in this [D]istrict but for the alleged unlawful employment practices." *Walden*, 629 F. Supp. 2d at 14; *see Ellis*, 2015 WL 9272835 at *2. And venue does not lie in the District of Columbia under Title VII's fourth basis for venue because courts consider that basis for venue "only when the defendant cannot be found within any of the districts provided for by the first three bases." *Kendrick*,

7

2007 WL 2071670 at *3 (citing 42 U.S.C. § 2000e-5(f)(3); *Stebbins v. State Farm Mut. Auto. Ins. Co.*, 413 F.2d 1100, 1102-03 (D.C. Cir. 1969)). In this case, as discussed *supra*, venue is proper in the Eastern District of Virginia.

When venue is improper, the Court may dismiss the case or, in the interest of justice, transfer it "to any district or division in which it could have been brought." *Parker*, 51 F. Supp. 3d at 176 (quoting 28 U.S.C. § 1406(a)). Although the decision whether to dismiss or transfer is committed to the sound discretion of this Court, the interest of justice generally requires transferring a case instead of dismissing it. *Id.* Accordingly, this Court will exercise its discretion to transfer this case to the Eastern District of Virginia.

**IV.   Conclusion**

For the reasons set forth above, defendant's motion to dismiss for improper venue is **DENIED**, and its motion to transfer is **GRANTED**. This case shall be transferred to the United States District Court for the Eastern District of Virginia. An appropriate Order accompanies this Memorandum Opinion.[1]

**SO ORDERED.**

**Signed:   Emmet G. Sullivan
            United States District Judge**

---

[1] The Court recently received a letter from Mr. Hamilton encouraging the speedy resolution of this case. That letter is attached to this Memorandum Opinion.

8

October 11, 2016

**THE HAMILTON FAMILY**

Kenrick Hamilton
14489 Golden Oak Rd.
Centreville, Va. 20121

October 4, 2016

U.S.District Court for DC
U.S.Clerk
333 Constitution Avenue NW
Washington, DC 20001
Case # 1:16-CV-000222 EGS

To Hon: Emmet G. Sullivan,

I (Kenrick C. Hamilton), a federal employee, was or still currently a Special Agent for the Department of Homeland Security, Transportation Security Administration, and Office of Law Enforcement (DHS/TSA/OLE/FAMS). I had carried a Top Security Clearance for the Federal Government. I have been employed with this agency since 2002. Prior to this, I was employed with the Department of Justice, Bureau of Prison. I submitted a complaint on March 23, 2016 against TSA Human Capital (HR), for a contactor HR Access. This paperwork was submitted to your desk for review on or about March 26, 2016. I received a decision on 09.29.2016, for services to defendant, but have not received decision(s) on motion for Removal/TRO, and/or motion to enforce judgment for plaintiff, and/or motion to enforce removal of payment(s).

Family (dependents of four children plus wife) and I are awaiting a decision on my case. I have proven all the information and evidence(s) needed for intervention immediately. We are suffering from non-payment of my salary. Due to my duties and take home salary on paper, my wife or myself cannot pick up another job (It appears the DHS/TSA/FAMS has put a pending investigation on my personal file, before they separated me from employment) or assistance program(s) to help to make up for the salary lost. I cannot hold off the bills that I am held responsible for; I have already defaulted on credit account(s), especially payment for rent on my apartment (September of 2015). Please review my case immediately; there is no faults or neglect on my end. This suit had to be filed. Evidence(s) proven, it is clearly the neglect of HR and/or Washington Field office (WFO) false claims to PerSec, for revoke of security clearance. The government credit card has been paid back in full. The child support payment(s) has transferred and/or in the custody of the state of Virginia, for review. These incident(s) only occurred after being apart of EEOC complaint(s), and/or Class Action(s) lawsuit (AMA-Air Marshal Association union). We need this case to be expedited immediately.
Thanks.

Sincerely,

Kenrick Hamilton
The Hamilton Family

PLEASE TAKE NOTICE: The information transmitted by mail is intended only for the person or entity to which it is addressed and may contain private, confidential and/or privileged material. Any review, retransmission, dissemination or other use of, or taking of any action in reliance upon, this information by persons or entities is strictly prohibited. If you receive this transmission in error, please contact the sender immediately and shred the material. No part of this record may be disclosed to persons without a "need to know", as defined as **PROTECTION OF SENSITIVE SECURITY INFORMATION** in 49 CFR parts Sec. 15.5(1), (2) except with the written permission from the sender.